■ In the Matter of CALVIN L., Respondent, v NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. ALEXANDER V. et al., Nonparty Appellants. [842 NYS2d 452]—

In a child custody proceeding pursuant to Family Court Act article 6, the foster parents, Alexander V. and Susan M.-V., appeal, by permission, as limited by their brief, from so much of an order of the Family Court, Nassau County (Zimmerman, J.), dated August 12, 2005, as denied that branch of their motion which was for leave to intervene. By decision and order on motion dated October 27, 2005, this Court granted the foster parents' motion, inter alia, to stay the custody hearing pending the hearing and determination of the appeal.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the motion of the foster parents, Alexander V. and Susan M.-V., which was for leave to intervene in the custody proceeding commenced by the petitioner Calvin L. in the Family Court, Nassau County, under docket No. V-4242-05, is granted.

The child who is the subject of the instant proceeding was placed with the foster parents, Alexander V. and Susan M.-V., by

the Nassau County Department of Social Services, an authorized agency, within just a few days after her birth in October 2002. The child has been in the foster parents' continuous care since that time. When the child's biological father, the petitioner, Calvin L., commenced the instant proceeding in the Family Court in 2005 seeking custody of the child, the foster parents moved, inter alia, for leave to intervene in the proceeding pursuant to Social Services Law § 383 (3). The Family Court denied their motion, holding that the statute did not apply to custody proceedings commenced under article 6 of the Family Court Act. We disagree.

The second paragraph of Social Services Law § 383 (3) provides that "[f]oster parents having had continuous care of a child, for more than twelve months, through an authorized agency, *shall be permitted as a matter of right*, as an interested party *to intervene in any proceeding involving the custody of the child*" (emphasis added). We find, in reading the statutory language "in accordance with its plain and obvious sense" (*see State of New York v Sour Mtn. Realty*, 276 AD2d 8, 13 [2000] [internal quotation marks omitted]; *ILC Data Device Corp. v County of Suffolk*, 182 AD2d 293, 298-299 [1992]), that the provision applies to "any" custody proceeding, including the instant one. Since the foster parents herein met all of the qualifications set forth in the statutory provision, they were entitled to intervene as of right in the custody proceeding commenced by the petitioner Calvin L. Miller, J.P., Mastro, Lifson and Carni, JJ., concur.